## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| Plaintiff DARRELL WAYNE GRIMSLEY, JR., *individually and on behalf of all others similarly situated*, | |
| Plaintiff, | Case No. |
| vs. | |
| RECKITT BENCKISER, LLC | |
| Defendant. | |

_____

## CLASS ACTION COMPLAINT
_____

Plaintiff DARRELL WAYNE GRIMSLEY, JR, individually and on behalf of all others similarly situated (the "Class," as defined below), bring this Class Action Complaint against Defendant RECKITT BENCKISER, LLC. Plaintiff bases the allegations below on personal knowledge as to matters known to him. As to all others, Plaintiff bases his allegations on information and belief, through investigation of counsel.

## NATURE OF THE ACTION

1.    This is a Class Action brought on behalf of all persons who have purchased the following over-the-counter ("OTC") products manufactured by Defendant containing phenylephrine ("PE") sold in the United States.

2.    Plaintiff pursues claims against the Defendant seeking redress for Defendant's business practices designed to mislead the public in connection with its promotion, marketing, advertising, packaging, labeling, distribution, and/or sale of the Products which Defendant, during the relevant time period, promoted as containing phenylephrine ("PE") and as being effective nasal decongestant, when, in fact, it is not effective as a nasal decongestant.

## PARTIES

3.    Plaintiff DARRELL WAYNE GRIMSLEY, JR., is a resident of and domiciled in Pensacola, Florida, in Escambia County. He purchased Maximum Strength Fast-Max® Day Cold & Flu and Night Cold & Flu, a product manufactured by Defendant Reckitt, on or about September 7, 2023. He purchased the product to relieve nasal congestion associated with a cold. The product was not effective in relieving his nasal congestion.

4.    Defendant RECKITT BENCKISER, LLC ("Reckitt") is a Delaware limited liability corporation with its headquarters and principal place of business located in Parsippany, New Jersey. Reckitt is a wholly-owned subsidiary of Reckitt

Benckiser Group PLC, a public limited company registered in England and Wales. Among other decongestant Products, Reckitt manufactures, markets, advertises, and sells Mucinex name brand products containing phenylephrine and purporting to be effective as nasal decongestants.

## JURISDICTION AND VENUE

### Jurisdiction

5.     Defendant Reckitt is actively registered to do business in the State of Florida and regularly engages in business within the State of Florida.

6.     This Court has personal jurisdiction over Defendant for reasons including but not limited to the following: Plaintiff's claims arise out of Defendant's conduct within Florida, including but not limited to Defendant's conduct of selling the Products to consumers throughout Florida, including to Plaintiff, who purchased the Products in this district and whose losses were suffered here.

7.     This Court has original subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs and both the named Plaintiff (Florida) and putative Class members (numerous states) are citizens of a state different from Defendant.

8.     Further, this Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(5)(B) because Plaintiff allege the matter in

controversy exceeds $5,000,000.00 in the aggregate, exclusive of interest and costs and the number of members of all proposed plaintiff classes in the aggregate is greater than 100.

**Venue**

9.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.  Plaintiff purchased the Products in this district and consumed the Products in this district. Numerous other Class members also purchased the Products in this district for consumption. Defendant caused the Products to be offered for sale and sold to the public, including Plaintiff, in this district.

**SUBSTANTIVE ALLEGATIONS**

**Defendant and the Ineffective OTC Products**

10.     Defendant mislead the public in connection with its promotion, marketing, advertising, packaging, labeling, distribution, and/or sale of the Products which Defendant, during the relevant time period, promoted as containing phenylephrine ("PE") and being effective nasal decongestant, when, in fact, it is not effective as a nasal decongestant.

11.     All Products sold by Defendant Reckitt promoted as containing phenylephrine ("PE") (collectively the "Products") are substantially similar as being promoted as being effective as a nasal decongestant. As described below, all such

Products are similarly not effective as a nasal decongestant. Thus, the misrepresentations of effectiveness as a nasal decongestant are substantively identical across all the Products and mislead consumers in the same way regardless of which Product is purchased.

12. Defendant designed, manufactured, marketed, advertised, and warranted the Products.

13. In conjunction with each sale, Defendant marketed, advertised, and warranted that the Products were effective as a nasal decongestant when in fact they are not.

14. The Products were intended to be placed in the stream of commerce and distributed, offered for sale, and sold to Plaintiff and the Class members in Florida and the United States and consumed.

15. The Products have caused Plaintiff and the Class members damages in the form of economic loss from the market value of the Products at the time of purchasing to the value of purchasing a product a product without PE or purchasing no product at all.

16. Defendant intended to mislead and in fact misled reasonable consumers—including Plaintiff and the Class—through its concealment of the PE's lack efficacy as a nasal decongestant. Defendant did so with the intent to generate and increase sales of the Product, thereby increasing Defendant's relative share of

the OTC nasal decongestant market.

17.    The Products have a diminished value compared to the price they commanded when purchased because neither the market nor any reasonable consumer would ignore the lack of efficacy as a nasal decongestant, Plaintiff and the Class paid more for their Products than they otherwise should have because of the diminished value caused by Defendant's concealment of the lack of efficacy as a nasal decongestant.

18.    Because the existence of the lack of efficacy as a nasal decongestant in the Products would have been patently material to any reasonable consumer had it been disclosed, Plaintiff and the Class would not have purchased the Products.

19.    By concealing the existence of the lack of efficacy as a nasal decongestant, Defendant implicitly distorted and misrepresented the true value of the Product such that every Plaintiff and Class member received a Product of different and substantially lesser value than they reasonably believed they were receiving. Stated differently, Plaintiff and the Class surrendered more and acquired less in their transactions than they would have if Defendant had disclosed the lack of efficacy as a nasal decongestant. Accordingly, Plaintiff and the Class did not realize the benefit of the bargain in purchasing the Product, and their expectations were not met.

20.    Plaintiff and the Class paid substantially more than the market value

represented by the price bargained for. Plaintiff and the Class bargained on a particular market value for the Product. But because Defendant's misconduct resulted in Plaintiff and the class receiving less than they bargained for, Plaintiff and the Class effectively paid a price that was higher than that reflected in the market price that they paid.

21.    For these reasons, every Product purchased was worth less than Plaintiff and the Class paid.

22.    Through the use of misleading representations and concealment of the lack of efficacy as a nasal decongestant, Defendant commanded a price for every Product that exceeded what Plaintiff and the Class would have paid had they been fully informed.

23.    Absent the false and misleading representations, Plaintiff and the Class would only have been willing to pay less for the Products, if at all.

24.    In short, the cost of every Product would have been lower absent Defendant's misconduct.

25.    Defendant's misconduct also created and sustained increased market demand for the Product and increased Defendant's market share relative to what consumer demand and Defendant's market share would have been had it not concealed the lack of efficacy as a nasal decongestant.

26.    Plaintiff and the Class lost money as a result because they did not

receive what they reasonably believed they were paying for due to Defendant's misrepresentations and concealment of the lack of efficacy as a nasal decongestant, while Defendant realized a commensurate unearned gain because it did not deliver to Plaintiff and the Class what they reasonably expected to receive in exchange for the monies they paid.

27.     Plaintiff and the Class detrimentally altered their positions and suffered damages in an amount no less than the difference in value between what they reasonably believed they were paying for and what they actually received.

28.     Defendant's business includes manufacturing, producing, distributing, or selling the Products.

29.     Defendant produced hundreds of thousands of packages of the Products for sale throughout the United States each year, a substantial proportion of which are sold or offered for sale in Florida.

30.     Defendant manufactured, marketed, advertised, warranted, and sold, either directly or through authorized distribution channels, the Products that the lack of efficacy as a nasal decongestant.

**Factual Allegations Related to Plaintiff**

31.     Plaintiff Grimsley purchased the product to relieve nasal congestion associated with a cold. The product was not effective in relieving his nasal congestion.

## CLASS ACTION ALLEGATIONS

32.     Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a proposed class defined as follows:

> **The Injunctive Relief Class.** All persons in the United States who purchased, or incurred damages by using, the Products.

> Plaintiff asks the Court to adjudicate only liability, declaratory relief, and injunctive relief through the Injunctive Relief Class. The Injunctive Relief Class does not seek any form of monetary relief.

> Excluded from the Injunctive Relief Class are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

33.     Additionally, pursuant to Rule 23(a) and (b)(3), Plaintiff brings this action on behalf of a proposed class defined as follows:

> **The Monetary Relief Class.** All persons in the United States who purchased, or incurred damages by using, the Products.

> Plaintiff asks the Court to adjudicate all remedies through the Monetary Relief Class.

> Excluded from the Monetary Relief Class are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

34.    Additionally, pursuant to Rule 23(a) and (b)(3), Plaintiff brings this action on behalf of a proposed subclass defined as follows:

**The Florida Subclass.** All persons in Florida who purchased, or incurred damages by using, the Products.

Plaintiff asks the Court to adjudicate all remedies through the Monetary Relief Class.

Excluded from the Monetary Relief Class are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

35.    Collectively, the Injunctive Relief Class, the Monetary Relief Class, and the Florida Subclass are the "Class."

36.    Plaintiff reserves the right to alter the Class definitions as he deems necessary at any time to the full extent that the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Florida, and applicable precedent allow.

37.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence as individual Class members would use to prove those elements in individual actions alleging the same claims.

38.    <u>Numerosity; Rule 23(a)(1)</u>: The size of the Class is so large that joinder

of all Class members is impracticable. Due to the nature of Defendant's business, Plaintiff believes there are thousands and perhaps millions of Class members geographically dispersed throughout the United States.

39.    The true size of the Class should be ascertainable, at least in part, through Defendant's business records, those of its authorized retailers, and by other traditional means.

40.    Commonality Rule 23(a)(2), (b)(3): Plaintiff and the Class are united by a community of interest in obtaining appropriate remedies, including damages capable of determination on a class wide basis, potential injunctive relief injunctive relief, and, alternatively, restitution. This action involves questions of law and fact that are common to the Class that are susceptible to common answers and that predominate over any individual questions specific to any Class members. These include:

a.    whether the Products lack efficacy as a nasal decongestant

b.    whether Defendant sold the Products as a nasal decongestant;

c.    whether Defendant advertised, represented, or held itself out as producing or manufacturing Products that were effective as a nasal decongestant;

d.    whether Defendant expressly warranted the Products as a nasal decongestant;

e.    whether Defendant purported to disclaim any express warranty;

f.    whether Defendant purported to disclaim any implied warranty;

g.   whether any limitation on warranty fails to meet its essential purpose;

h.   whether Defendant intended for Plaintiff, the Class members, and others to purchase the Products;

i.   whether Defendant intended or foresaw that Plaintiff, the Class members, and others would consume the products for the purposes of and as a nasal decongestant;

j.   whether Defendant's misconduct proximately caused loss, injury, or damages to the Class members;

k.   whether the Class members suffered direct losses or damages;

l.   whether the Class members suffered indirect losses or damages;

m.   whether the Class members are entitled to actual or other forms of damages and other monetary relief; and

n.   whether the Class members are entitled to equitable relief, including but not limited to injunctive relief and equitable restitution.

41.   Defendant engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually and on behalf of the Class members. Similar or identical violations of law, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the predominant common questions of fact and law. Moreover, the common questions will yield common answers that will substantially advance the resolution of the case.

42.   Typicality; Rule 23(a)(3): Plaintiff's claims are typical of the claims of the Class members because Defendant injured all Class members through the

uniform misconduct described herein; all Class members suffered injury due to Defendant's substantially similar Products being misrepresented as being effective for nasal decongestion; and Plaintiff seeks the same relief as the Class members.

43.    Plaintiff and the Class all received less than the full value of Class Products they believed they were purchasing based upon uniform misrepresentations/omissions. And reasonable consumers, including Plaintiff and the Class alike, would not have purchased the Class Products or paid as much had Defendant not misrepresented them as being effective as a nasal decongestant.

44.    Plaintiff and the Class all were exposed to the same or substantially similar misrepresentations and to the same omissions—namely, concealment of the lack of efficacy as a nasal decongestant. Defendant systematically misrepresented the Class Products to all prospective consumers, including Plaintiff and all Class members.

45.    Plaintiff and each Class member suffered economic damages that are calculable on a class wide basis. The claims all arise from a single course of conduct and each Class member would make similar legal and factual arguments to establish Defendant's liability were they to proceed on an individual basis.

46.    There are no defenses available that are unique to any named Plaintiff. Defendant has engaged in systematic misconduct that was deliberate and results in the same injury to all Class Members.

47.    Adequacy of Representation; Rule 23(a)(4): Plaintiff is adequate Class representatives because his interests do not conflict with the interests of the Class members. Plaintiff commits to protecting the interests of the Class without exercising personal interest or otherwise acting in a manner inconsistent with the best interests of the Class generally. Furthermore, Plaintiff has selected competent counsel that are experienced in class action and other complex litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the resources to do so.

48.    Predominance: The common questions of law or fact identified above are substantially similar and predominate over those questions affecting only specific members of the Class and Subclass.

49.    Superiority; Rule 23(b)(3): The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for reasons including but not limited to the following:

a.    The damages individual Class members suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's misconduct.

b.    Further, it would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class

action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

c.   The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendant.

d.   The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or that would substantively impair or impede their ability to protect their interests.

50.   <u>Injunctive or Declaratory Relief; Rule 23(b)(2)</u>: The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

51.   <u>Particular Issues; Rule 23(c)(4)</u>: Any or all of the issues identified above are appropriate for certification pursuant to Rule 23(c)(4) because each is particular and common to the Class and the resolution of each or all would materially advance the disposition of this action and the parties' interests.

52.   <u>Notice</u>: Plaintiff and his counsel anticipate that notice to the proposed Class will be effectuated through recognized, Court-approved notice dissemination

methods, which may include United States mail, electronic mail, Internet postings, and/or published notice.

## CLAIMS

**COUNT I: Deceptive & Unfair Trade Practices On Behalf of the Class**

1. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

2. Plaintiff brings this claim for deceptive and unfair trade practices against Defendant on behalf of the Class.

3. Defendant has engaged in deceptive acts and unfair practices that have caused actual damages to Plaintiff and the Class.

4. Section 501.204(1), Fla. Stat., makes unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

5. Selling, distributing, and introducing the Products in interstate commerce are "consumer transaction[s]" within the meaning and scope of the Florida Deceptive and Unfair Trade Practices Act. (FDUTPA)

6. Plaintiff and the Class members are "consumers" as defined by § 501.203, Fla. Stat.

7. The Products are goods within the meaning and scope of FDUTPA and Defendant is engaged in trade or commerce within the meaning and scope of

16

FDUTPA in connection with the sale and distribution of the Products.

8.    Defendant has violated FDUTPA by engaging in the deceptive acts and unfair practices described above and incorporated into this count. These acts are unconscionable and injurious to consumers, and they include Defendant's failure to properly test the Products before releasing them into the stream of commerce and Defendant's failure to provide accurate representations as to the Products lack of efficacy as a nasal decongestant.

9.    An objectively reasonable person would have been deceived by Defendant's acts and unfair practices.

10.    Plaintiff and the Class have sustained actual damages as a result of Defendant's deceptive acts and unfair practices, which violate FDUTPA.  Damages include at least those identified in ¶ 72 above.

11.    Pursuant to §§501.211(2) and 501.2105, Fla. Stat., Plaintiff and the Class demand damages, attorneys' fees and costs, and any other equitable and legal relief to which they may be entitled.

12.    Plaintiff's claims under FDUTPA are representative of similar claims available to non-Florida Class members under the laws of other states, which also are amenable to further sub-class treatment, particularly where the counterpart laws require no showing of reliance or, like Florida, employ an objective reliance standard.  Such laws may include, but are not limited to: Ala. Code §§ 8-19-1 et seq.;

Alaska Stat. § 45.50.471; Ariz. Rev. Stat. Ann. §§ 44-1521 et seq.; Ark. Code Ann. § 4-8-01, et seq.; Cal. Civil Code §§ 1770 et seq. and Cal. Bus. & Prof. Code §§ 17200 et seq.; Colo. Rev. Stat. §§ 6-1-05 et seq.; Conn. Gen. Stat. Ann. §§ 42-110a et seq.; Del. Code Ann. Tit. 6 §§ 2511 et seq. & 2531 et seq.; D.C. Code Ann. §§ 28-3901 et seq.; Ga. Code Ann. §§ 10-1-372 and 10-1-420; Haw. Rev. Stat. §§ 480-1 et seq.; Idaho Code §§ 48-601 et seq.; 815 Ill. Comp. Stat. 505/1 et seq.; Ind. Code Ann. 24-5-0.5-3; Iowa Code § 714.16; Kan. Stat. Ann. §§ 50-623 et seq.; Ky. Rev. Stat. Ann. § 367.170; La. R.S. §§ 1401 et seq.; Me. Rev. Stat. Ann tit. 5, §§ 205-A et seq.; Md. Code Ann., Com. Law §§ 13-301 et seq.; Mass. Ge. Laws ch. 93A, §§ 1 et seq.; Mich. Comp. Laws Ann. §§ 445.901 et seq.; Minn. Stat. §§ 325D.44 et seq.; Miss. Code Ann. §§ 75-24-1 et seq.; Mo. Ann. Stat. §§ 407.010 et seq.; Mont. Code Ann. §§ 30-14-101 et seq.; Neb. Rev. Stat. Ann. §§ 59-1601 et seq.; Nev. Rev. Stat. Ann. §§ 598.0903 et seq.; N.H. Rev. Stat. Ann. §§ 358-A:1 et seq.; N.J. Stat. Ann. §§ 56:8-1 et seq.; N.M. Stat. Ann. §§ 57-12-1 et seq.; N.Y. Gen. Bus. Law §§ 349 et seq. and 350-e et seq.; N.C. Gen. Stat. §§ 75-1 et seq.; N.D. Cent. Code §§ 51-12-01 et seq. and 51-15-01 et seq.; Ohio Rev. Code Ann. §§ 1345.01 et seq.; Okla Stat. Ann. Tit. 15, §§ 751 et seq.; Or. Rev. Stat. §§ 646.605 et seq.; 73 Pa. Cons. Stat. §§ 201-1 et seq.; R.I. Gen. Laws §§ 6-13.1-1 et seq.; S.C. Code Ann. §§ 39-5-10 et seq.; S.D. Codified Laws §§ 37-24-1 et seq.; Tenn. Code Ann. § 47-18-109(a)(1); Tex. Bus. & Com. Code Ann. §§ 17.41 et seq.; Utah Code Ann. §§ 13-

11-1 et seq.; Vt. Stat. Ann. Tit. 9, §§ 2453 et seq.; Va. Code Ann. §§ 59.1-196 et

seq.; Wash Rev. Code Ann. §§ 19.86.010 et seq.; W. Va. Code 46A-6-101 et seq.;

Wis. Stat. Ann. § 100.18; and Wyo. Stat. Ann. §§ 40-12-101 et seq.

**COUNT II: Breach of Implied Warranty on Behalf of the Class**

13.    Plaintiff incorporates by reference the allegations in the preceding

paragraphs.

14.    Plaintiff brings this claim for breach of implied warranty against

Defendant on behalf of the Class, all of whom were reasonably foreseeable users of

the Products.

15.    Defendant manufactured, marketed, sold, and distributed the Products.

16.    At the time Defendant marketed, sold, and distributed the Products,

Defendant knew of the purpose for which the Products were intended and impliedly

warranted that the Products were of merchantable quality and fit for such use.

17.    Plaintiff and the Class members reasonably relied upon the skill,

superior knowledge, and judgment of Defendant as to whether the Products were of

merchantable quality and fit for their intended use.

18.    Plaintiff and the Class members could not have known about the

Product's lack of efficacy as a nasal decongestant until after purchase and

consumption.

19.    Contrary to Defendant's implied warranty, the Products were not of

merchantable quality and were not fit for their intended use.

20.    As a direct and proximate result of Defendant's breach of implied warranty, Plaintiff and the Class members suffered damages as alleged herein.

21.    Therefore, Plaintiff prays for relief as set forth below.

**COUNT III: Breach of Express Warranty on Behalf of the Class**

22.    Plaintiff incorporates by reference the allegations in the preceding paragraphs.

23.    Plaintiff brings this claim for breach of express warranty against Defendant on behalf of the Class.

24.    Defendant expressly warranted to Plaintiff and the Class members that the Products were effective as a nasal decongestant when in fact they are not.

25.    The Products did not conform to these express representations because the Products are not effective as a nasal decongestant.

26.    As a direct and proximate result of Defendant's breaches of its express warranties to Plaintiff and the Class members, and as the direct and legal result of the misrepresentation of the Products as manufactured and/or supplied by Defendant, and other wrongdoing of Defendant described herein, Plaintiff and the Class members suffered damages.

27.    Therefore, Plaintiff prays for relief as set forth below.

**COUNT IV:  Unjust Enrichment On Behalf of the Class**

28.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

29.     Plaintiff brings this claim for unjust enrichment against Defendant on behalf of the Class.

30.     As a direct, proximate, and foreseeable result of Defendant's acts and otherwise wrongful conduct, Plaintiff and the Class members conferred a benefit on Defendant and consequently suffered damages. Defendant profited and benefited from the sale of the Products, even as the Products caused Plaintiff and the Class members to incur damages.

31.     Defendant voluntarily accepted and retained these profits and benefits, derived from Plaintiff and the Class members, with full knowledge and awareness that as a result of Defendant's wrongdoing, consumers including Plaintiff and the Class members were not receiving Products of the quality, nature, fitness, or value that had been represented by Defendant or that reasonable consumers expected. Plaintiff and the Class members purchased Products they expected would effective as a nasal decongestant when in fact they are not.

32.     Defendant continues to possess monies paid by Plaintiff and the Class members to which Defendant is not entitled.

33.     Under the circumstances it would be inequitable for Defendant to retain

the benefits conferred upon it and Defendant's retention of these benefits violates fundamental principles of justice, equity, and good conscience.

34.     Plaintiff and the Class members hereby seek the disgorgement and restitution of Defendant' wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendant's unjust enrichment.

35.     Therefore, Plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, respectfully requests the Court to enter an Order:

A.     certifying the proposed Class under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B.     declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.     declaring that Defendant has committed the violations of law alleged herein;

D.     providing for any and all injunctive relief the Court deems appropriate;

E.     awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

F.      providing for any and all equitable monetary relief the Court deems appropriate;

G.      awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

H.      awarding Plaintiff its reasonable costs and expenses of suit, including attorneys' fees;

I.      awarding pre- and post-judgment interest to the extent the law allows; and

J.      providing such further relief as this Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims so triable.

Date: September 22, 2023          Respectfully submitted,

By:  */s/ Peter J. Mougey*

Peter J. Mougey (FBN 191825)
pmougey@levinlaw.com
Jeff R. Gaddy (FBN 053046)
jgaddy@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida  32503
Telephone: (850) 435-7068
Facsimile: (850) 436-6068

Russell W. Budd (PHV forthcoming)
rbudd@baronbudd.com
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Telephone: (214)521-3605
Facsimile: (214) 520-1181


Roland Tellis (PHV forthcoming)
rtellis@baronbudd.com
Mark Pifko (PHV forthcoming)
mpifko@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd #1600
Los Angeles, CA 91436
Telephone: (818) 839-2333
Facsimile: (214) 520-1181


*Counsel for Plaintiff and the
Proposed Class*